UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY R. CYR;
LINDSEY M. FORESTER; and
ALC MEDICAL SUPPLIES, LLC

Case No. 22-10290

Honorable Sean F. Cox
United States District Court Judge

    Plaintiffs,

v.

FRED BATTAH
REAL VALUE PRODUCTS, LLC;
SPFM, LP; and
EZSCRIPTRRx, LLC

    Defendants.
_____/

## OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION

    This is a breach of contract, conspiracy, and fraud case. Plaintiffs allege they entered two service contracts with Defendants, that Defendants conspired to hide financial information from Plaintiffs, and that Plaintiffs were never paid the full commission to which they were entitled. This matter is before the Court on Defendants' collective Motion to Dismiss Counts I-VII of Plaintiffs' Complaint (Plaintiffs' RICO and fraud claims) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) & (9)(b). (ECF No. 26). Pursuant to E.D. Mich. LR 7.1 (f)(2), the Court finds this Motion has been adequately briefed and will rule without hearing.

    For the reasons below, Defendants' Motion is **GRANTED.** The Court finds that the "scheme" alleged by Plaintiffs could not plausibly sustain a claim under 18 U.S.C. § 1962(c) or (d) because it is not the type the RICO Act was intended to combat. The Court also finds that

1

Plaintiffs failed to make a plausible claim of fraud because the allegations in their complaint are more appropriately resolved as a claim of breach of contract. Therefore, Counts I-VII of Plaintiffs' Complaint shall be dismissed.

## BACKGROUND

### A. Procedural Background

Acting through counsel, on February 11, 2022, Plaintiffs, Anthony Cyr ("Cyr"), Lindsey M. Forester-Cyr and ALC Medical, LLC, filed a civil complaint against Defendants, SPFM, LP ("SPFM"), Real Value Products, LLC ("RVP"), Fred Battah ("F. Battah"), Michael Battah, Shalimar Maakar, EZSCRIPTRx, LLC, and Dustin "Tyler" Warner.

Defendants responded by filing a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue on April 25, 2022. In lieu of ruling on that motion, the Court granted Plaintiffs leave to file an amended complaint on April 26, 2022. Plaintiffs filed their Amended Complaint on May 17, 2022, which is the operative complaint in this case. (ECF No. 15).

On May 31, 2022, Defendants renewed their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. (ECF No. 17).

On October 12, 2022, this Court issued an Opinion and Order granting in part and denying in part Defendants' Motion. (ECF No. 24). The Court found it had personal jurisdiction over Defendants F. Battah, RVP, SPFM, and EZSCRIPTRx. *Id* at 1-2. All other defendants were dismissed. *Id*.

On October 26, 2022, the remaining Defendants filed a "Motion to Dismiss RICO and Fraud Claims in Plaintiffs' First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b)," which is the Motion currently before this Court. (ECF No. 26).

Plaintiffs' amended complaint contains eight causes of action and thirteen counts. (ECF No. 15 ¶ 4). The eight causes of action in Plaintiffs' complaint are as follows: 1) Violation of Mich. Comp. Laws § 600.2961, the Sales Representative Commission Act, 2) Violation of 18 U.S.C. § 1962(c) & (d), the Federal Influenced and Corrupt Organizations (RICO) Act, 3) "Fraud," 4) "Civil Conspiracy," 5) "Breach of Contract," 6) "Breach of Implied Contract," 7) "Promissory Estoppel," 8) "Unjust Enrichment."

Relevant for this Motion are Plaintiffs' RICO and fraud causes of action. Plaintiffs' "RICO" cause of action is split into six counts. Counts I, III, and V, allege that SPFM, RVP, and EZSCRIPTRx were all enterprises engaged in interstate commerce; that the enterprises orchestrated schemes to use email and the U.S. Mail to defraud Plaintiffs by sending them false documentation; and that Plaintiffs relied on these false statements to their detriment in violation of 18 U.S.C. § 1962(c). (ECF No. 15 at 13-18).

Counts II, IV, and VI allege that the SPFM, RVP, and EZSCRIPTRx enterprises knowingly conspired with each other, F. Battah, and the previously dismissed Defendants, to violate § 1962(c) in violation of 18 U.S.C. § 1962(d). (ECF No. 15 at 14-19).

Count VII, Plaintiffs' "Fraud" count, alleges that all Defendants, in furtherance of a common scheme, "defraud[ed] Plaintiffs by submitting the Plaintiff falsified documents and reports knowing that Plaintiff would rely on the submissions." (ECF No. 15 ¶ 149). Plaintiffs further allege that all Defendants knowingly made misrepresentations and that Plaintiffs were harmed as a direct result of those misrepresentations. (ECF No. 15 ¶¶ 150-152).

B.   **Factual Background**

Plaintiff Anthony Cyr is a medical supply salesman and Michigan resident. (ECF No. 15 ¶¶ 6, 53). Before contracting with Defendants, Cyr worked for his own company, Co-Plaintiff

ALC Medical Supplies, LLC. (ECF No. 15 ¶ 53). In addition to selling medical devices, Cyr also developed his own medical cream called Synerderm. (ECF No. 15 ¶ 55).

In November 2016, Cyr was contacted by Defendant F. Battah, on behalf of Co-Defendant, RVP, regarding a distribution deal for Cyr's newly developed medical cream and a commission structure for any other business Cyr might refer to RVP. (ECF No. 15 ¶¶ 56, 58). After months of negotiation, F. Battah and Cyr entered into an oral agreement. (ECF No. 15 ¶¶ 58-60). The agreement stated Cyr would receive commissions for referring clients to RVP and for any sales of Synerderm. (ECF No. 15 ¶ 59).

Cyr alleges that shortly after the deal was finalized, RVP began hiding sales, and that he was never paid his full commission based on the agreed upon rates. (ECF No. 15 ¶ 62).

In November 2017, Cyr confronted F. Battah and was subsequently put on SPFM's (RVP's parent company) payroll as a salaried employee in 2017. (ECF No. 15 ¶ 66). Thereafter Cyr was "paid by RVP at times and other times by SPFM." (ECF No. 15 ¶ 67).

In 2018, about a year into the Parties' agreement, F. Battah again allegedly "refused to pay" Cyr the agreed upon 50% commission for his sales of Synerderm. (ECF No. 15 ¶ 69). Nonetheless, Cyr continued to work for Defendants and collect his salary because "he had no alternative." (ECF No. 15 ¶ 70).

Plaintiffs allege that after the 2018 incident, for approximately the next year-and-a-half, F. Battah consistently refused to pay Cyr his earned commissions, but that Cyr's salary remained constant. (*See* ECF No. 77).

Then, in January 2020, RVP and SPFM cut Cyr's salary in half. (ECF No. 15 ¶ 78). In July 2021, SPFM and RVP fully eliminated Cyr's salary without notice. (ECF No. 15 ¶¶ 78, 91).

4

Plaintiffs allege an almost identical story with respect to Cyr's involvement with EZSCRIPTRx. Plaintiffs allege Cyr and F. Battah entered a sales contract on behalf of EZSCRIPTRx on March 3, 2020. The contract stated Cyr would sell EZSCRIPTRx's platform for a commission. (ECF No. 15 ¶¶ 83-84). Plaintiffs further allege that in June 2021, Cyr stopped receiving payment from EZSCRIPTRx, and that he never received the full commission he was owed. (ECF No. 15 ¶ 86).

## STANDARD OF DECISION

Traditionally, rule 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations will not suffice. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 670 (6th Cir. 2011). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs' fraud and RICO claims, however, are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). *See Heinrich v. Waiting Angels Adoption Servs., Inc.,* 668 F.3d 393, 404 (6th Cir. 2012). To survive a motion to dismiss under Rule 9(b), Plaintiffs must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were

5

fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.,* 10 F.Supp.2d 879, 883 (N.D. Ohio 1998)).

## ANALYSIS

All six of Plaintiffs' RICO claims are based on the same facts, the same actors (chiefly F. Battah, acting on behalf of all three named enterprises), and contain virtually identical allegations. (*See* ECF No. 15 at 13-20). Therefore, the Court will address Plaintiffs' § 1962(c) & (d) claims against each enterprise as a group before addressing Plaintiffs' fraud claim.

### A. 18 U.S.C. § 1962(c) (RICO) Claims Against RVP, SPFM, and EZSCRIPTRx

Plaintiffs' § 1962(c) claims are deficient because Plaintiffs alleged insufficient facts to plausibly show closed-period continuity—a necessary prong of the "pattern of racketeering activity" element of a § 1962(c) claim.

RICO is a statute affording a civil remedy to individuals harmed by certain activity. The RICO Act provides in part:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c)

A party advancing a civil RICO claim must allege the following elements: (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Duramax,* 298 F.Supp.3d at 1066–67 (quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012)).

Defendants argue that Plaintiffs § 1962(c) claims should be dismissed because "Plaintiffs have failed to sufficiently plead a pattern of racketeering activity." (ECF No. 26 at 4). Therefore, the Court need only focus on that factor.

A "pattern of racketeering activity" must consist of at least two predicate acts of racketeering activity occurring within a ten-year period. 18 U.S.C. § 1961(5). The alleged predicate acts of racketeering activity may consist of offenses "which are indictable" under a laundry list of federal statutes. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

Plaintiffs allege RVP, SPFM, and EZSCRIPTRx committed mail (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343). (*See* ECF No. 15 at 13-14). Both of which qualify as predicate acts of racketeering activity under the RICO Act. *See* 18 U.S.C. § 1961(1).[1]

However, the pleading of two predicate acts, on its own, is insufficient to sustain a RICO claim. 18 U.S.C. § 1961(5) "assumes that there is something to a RICO pattern *beyond* the number of predicate acts involved." *H.J., Inc. v. Northwestern Bell Tele. Co.,* 492 U.S. 229, 238 (1989).

"The term pattern itself requires the showing of a relationship between the predicates and of the threat of continuing activity. It is this factor of *continuity plus relationship* which combines to produce a pattern." *Id.* at 239 (internal citations omitted). In other words, "Continuity and relationship constitute two analytically distinct prongs of the pattern requirement." *Vild v. Visconsi,* 956 F.2d 560, 566 (6th Cir. 1992), *cert. denied,* 506 U.S. 832, 113 (1992).

---

[1] The Court need not determine whether Plaintiffs' specific allegations of mail and wire fraud are sufficient, under the heightened standard of Fed. R. Civ. P. 9(b), to survive a motion to dismiss because Plaintiffs' § 1962(c) claims fail on other grounds.

To show relatedness, a plaintiff must show that the predicate acts have "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *H.J., Inc.,* 492 U.S. at 240.

Continuity is established by alleging facts of either closed- or open-ended racketeering activity. Open-period continuity refers to past conduct that by its nature projects into the future with a threat of repetition. *Id.* at 241. Closed-period continuity is demonstrated "by proving a series of related predicates extending over a substantial period of time." *Id.* at 242. 2893. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 724 (6th Cir. 2006).

Plaintiffs failed to adequately plead closed-period continuity.[2] Plaintiffs' claims are inadequate because a scheme involving a single objective to defraud a single victim cannot sustain a closed-period continuity § 1962(c) claim. *See Moon* 465 F.3d 719 at 726.

For example, in *Moon*, a worker alleged that his employer colluded with his workers' compensation fund and a doctor to terminate his workers' compensation benefits in violation of 18 U.S.C § 1962(c). *Moon* 465 F.3d at 722. The Sixth Circuit affirmed dismissal of the worker's RICO claim because the worker did not plead sufficient facts to plausibly satisfy the continuity prong of the "pattern of racketeering activity" element. *Id*. at 724.

Specifically, the Sixth Circuit held the worker's RICO claim failed because

> [n]o other schemes, purposes, or injuries are alleged, and there are no facts suggesting that the scheme would continue beyond the [d]efendants accomplishing their goal of terminating [the worker's] benefits. In circumstances such as these, the purported racketeering activity does not

---

[2] The Court will analyze Plaintiffs claims under the closed-period continuity standard because Plaintiffs' complaint focuses on a defined period from 2017 (ECF No. 15, ¶ 58) until November 2021 (*Id*. at ¶ 93), and Plaintiffs do not allege Defendant's "scheme" will continue into the future.

8

> bear the markings of the 'long-term criminal conduct' about which 'Congress was concerned' when it enacted RICO.

Id. at 725.

The holding in *Moon* is not unique. The Sixth Circuit has consistently dismissed § 1962(c) claims alleging a single victim and a single goal. *See e.g. Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785, 805 (6th Cir. 2015) (holding plaintiff's RICO claim "cannot meet the standard for closed- or open-ended RICO liability" where alleged scheme was short-term and involved a single defendant); *Vemco, Inc. v. Camardella,* 23 F.3d 129, 134 (6th Cir. 1994) (holding that plaintiff failed to plead closed-period continuity where defendants "single criminal episode" would end after achieving its goal of defrauding plaintiff); *Thompson v. Paasche,* 950 F.2d 306 (6th Cir. 1991) (reversing a RICO verdict for plaintiffs after finding the alleged scheme was "insufficiently protracted to qualify as a RICO violation" because the scheme ended at the conclusion of defendant's singular goal).

Plaintiffs cite, *Ouwinga v. Benistar 419 Plan Servs., Inc*., 694 F.3d 783, (6th Cir. 2012), to argue they have satisfied the continuity prong of the "pattern of racketeering activity" element. (*See* ECF No. 31 at 5-6). *Ouwinga* is inapposite for two reasons.

First, in *Ouwinga*, the "conduct" and "enterprise" elements of the plaintiffs' § 1962(c) claim were at issue—not the "pattern of racketeering activity" element. *Id*. at 790.

Second, even if the "pattern of racketeering element" was at issue, the plaintiffs in *Ouwinga* filed a class action complaint on behalf of numerous victims of the defendants' alleged scheme. *Id*. at 789. The large class of alleged victims puts *Ouwinga* outside the body of Sixth Circuit caselaw addressing § 1962(c) claims with one victim and one scheme.

Therefore, Plaintiffs' § 1962(c) claims are like *Moon* and unlike *Ouwinga*. Plaintiffs did not allege that multiple victims have suffered harm because of Defendants' alleged scheme or

that Defendants' scheme would continue past the conclusion of their business with Plaintiffs. The sole victim of Defendants' alleged scheme is Cyr and his company. (*See* ECF No. 15 at 13-29). In accordance with the Sixth Circuit's clear precedent, Cyr's § 1962(c) claims (counts I, III, and V) are dismissed.

**B.      18 U.S.C. § 1962(d) (RICO) Claims Against RVP, SPFM, and EZSCRIPTRx**

Plaintiffs also allege that Defendants RVP, SPFM, and EZSCRIPTRx, violated 18 U.S.C. § 1962(d)—conspiracy to violate RICO. (*See* ECF No. 15 at 14, 16, 19). The dismissal of Plaintiffs' § 1962(c) claims is fatal to Plaintiffs' § 1962(d) claims.

To state a claim under § 1962(d), one must "successfully allege all the elements of a RICO violation, as well as ... 'the existence of an illicit agreement to violate the substantive RICO provision.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.,* 668 F.3d 393, 411 (6th Cir. 2012) (quoting *United States v. Sinito,* 723 F.2d 1250, 1260 (6th Cir. 1983)).

Plaintiffs failed to allege substantive RICO violations under § 1962(c). Therefore, Plaintiffs' § 1962(d) claims (counts II, VI, and VI) must also be dismissed.

**C.      Common Law Fraud Claim Against all Defendants**

Plaintiffs further allege that all remaining Defendants committed common law fraud by making "material misrepresentations of facts that the Defendants were obligated to provide." (ECF No. 15 ¶ 146).

Defendants argue that Plaintiffs' Fraud claim fails for the same reason as their RICO Claims. That is, Plaintiffs failed to plead common law fraud with adequate specificity to satisfy Fed. R. Civ. P. R. 9(b). (ECF No. 26 at 5).

The Court finds that Plaintiffs' fraud count is dismissed because the allegations plead make a plausible claim for breach of contract, not fraud.

To prevail on a claim of fraud under Michigan law, a plaintiff must prove "(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage." *M&D, Inc. v. W.B. McConkey*, 231 Mich.App. 22, 585 N.W.2d 33, 36 (1998).

Further, an action for fraudulent misrepresentation must be predicated upon a statement of past or existing fact. *Marrero v. McDonnell Douglas Capital Corp.,* 200 Mich.App. 438, 444, 505 N.W.2d 275 (1993). A promise of something to be done in the future is contractual in nature and is not a representation of existing fact that can support a claim of actionable fraud. *Id.; see also Foreman v. Foreman,* 266 Mich.App. 132, 143, 701 N.W.2d 167 (2005).

There is, however, a bad-faith exception to this rule; under this exception, "fraudulent misrepresentation may be based upon a promise made in bad faith without intention of performance." *Hi–Way Motor Co. v. Internat'l Harvester Co.,* 398 Mich. 330, 337–338, 247 N.W.2d 813 (1976). Under the bad faith exception, evidence of fraudulent intent must relate to conduct of the act "'at the very time of making the representations, or almost immediately thereafter[.]'" *Id.* (quoting *Danto v. Charles C. Robbins, Inc.,* 250 Mich. 419, 425, 230 N.W. 188 (1930).

Plaintiffs' fraud claim is deficient because they failed to allege that Cyr relied on false or misleading facts when negotiating his employment contracts with F. Battah. Instead, Plaintiffs' entire claim is premised on F. Battah's future promise to pay Cyr commissions for sales he made

11

on behalf of F. Battah's companies, SPFM, RVP, and EZSCRIPTRx. (*See* ECF No. 15 ¶¶ 56-62, 83-85).

The alleged fraudulent behavior in Plaintiffs' Complaint stems from Defendants' attempts to avoid a contractual obligation after a legitimate agreement was finalized. (ECF No. 15 at ¶¶ 57-59, 65-67, 83-85). Therefore, Plaintiffs best mode of recourse is breach of contract, which they plead in Counts X and XI. (ECF No. 15 at 22-23).

Further, the bad-faith exception does not apply. Plaintiffs do not allege that Defendants had "no intention of performing the contract" at or near the time the contract was finalized. In fact, Plaintiffs' Complaint suggests the opposite. Cyr and F. Battah negotiated for months before finally agreeing to the terms of Cyr's employment with RVP and SPFM. (ECF No. 15 ¶ 58). Further, EZSCRIPTRx paid Cyr for several months before it ceased paying commission. (ECF No. 15 ¶ 85).

In sum, the appropriate vehicle to resolve Plaintiffs' fraud claim is breach of contract because Plaintiffs did not allege that Cyr was defrauded when entering employment contracts with Defendants—all alleged fraudulent behavior occurred after-the-fact. Therefore, Plaintiffs failed to plausibly allege fraud, and their claim (Count VII) is dismissed.

### D.     Limited Discovery

Plaintiffs lastly argue that if the Court is inclined to dismiss Plaintiffs' RICO and fraud claims, it should first grant limited discovery to allow Plaintiffs to uncover evidence of fraud exclusively in Defendants' possession. (ECF No. 31 at 8). Plaintiffs claim they are "entitled to at least a discovery period due to the evidence that cannot be produced by Plaintiffs as it is in the possession of Defendants." (ECF No. 31 at 8).

Limited discovery would not help Plaintiffs because nothing discoverable would alter the nature of the allegations in Plaintiffs' Complaint. No matter the information unearthed, the Court would still dismiss Plaintiffs' RICO claims because Plaintiffs are the single victim of a single, terminable scheme. The Court would still dismiss Plaintiffs' fraud claim because it is more properly addressed in the realm of contracts. Plaintiffs request for limited discovery is denied.

## CONCLUSION

For the reasons stated above, **IT IS SO OREDERED** that Defendants' "Motion to Dismiss RICO and Fraud Claims in Plaintiffs' First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b)" is **GRANTED.**

Plaintiffs § 1962(c) RICO claims, Counts I, III, and V, are dismissed because a scheme alleging a single victim and a single purpose could not plausibly satisfy the continuity prong of the "pattern of racketeering activity" element. Plaintiffs' § 1962(d) RICO claims, Counts II, IV, and VI, must also be dismissed because Plaintiffs failed to make a plausible claim under § 1962(c). Lastly, Plaintiffs fraud claim, Count VII, is dismissed because Plaintiffs alleged a plausible claim of breach of contract, not fraud.

**IT IS SO ORDERED**

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: February 7, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2023, by electronic and/or ordinary mail.

> s/Jennifer McCoy
> Case Manager